UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

---------------------------------------------------------x
M. CLAUDIA GAROFALO,                          :
                                              :    CASE NO.:
            Plaintiff,                        :
                                              :
vs.                                           :    Judge:
                                              :
MAPLE SYRUP, LLC, and                         :
MANHATTANJACK INC.,                           :    Magistrate:
                                              :
                                              :
            Defendants.                       :
---------------------------------------------------------x

## COMPLAINT

Plaintiff, M. CLAUDIA GAROFALO, by and through her undersigned counsel, hereby files this Complaint and sues MAPLE SYRUP, LLC and MANHATTANJACK INC. (hereinafter referred to as "DEFENDANTS"), for declaratory and injunctive relief, damages, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and the Louisiana Commission on Human Rights, LA. REV. STAT. ANN. § 51:2231 *et seq.*, (hereafter "LCHR"); and alleges the following:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.* (hereinafter referred to as the "ADA"), and the Louisiana Commission on Human Rights, LA. REV. STAT. ANN. § 51:2231 *et seq.*, (hereafter "LCHR").

2. This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, and supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367, as such claims arise out of the same case or controversy as the Federal claims.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

4. Plaintiff, M. CLAUDIA GAROFALO, (hereinafter referred to as "MS. GAROFALO"), is a person of the age of majority and a citizen of the State of Louisiana.

5. MS. GAROFALO resides in Orleans Parish on Adams Street, New Orleans, Louisiana 70118.

6. MS. GAROFALO is a qualified individual with a disability under the ADA and the LCHR. MS. GAROFALO is a paraplegic due to a spinal cord injury.

7. Due to her disability, MS. GAROFALO is substantially impaired in several major life activities and requires a wheelchair to ambulate.

8. Upon information and belief, MAPLE SYRUP, LLC, a Louisiana limited liability company, is the owner of the real properties and improvements which are the subject of this action, to wit located at: Eats Inc, 7716 Maple Street, New Orleans, LA 70118.

9. Upon information and belief, MANHATTANJACK INC., a Louisiana business corporation, is the operator of the business located at: Eats Inc, 7716 Maple Street, New Orleans, LA 70118.

10. Upon information and belief, the Property is a restaurant that serves breakfast and lunch.

11. MS. GAROFALO has visited the Property to eat and drink

12. DEFENDANTS are obligated to comply with the ADA and the LCHR.

13. All events giving rise to this lawsuit occurred in the Eastern District of Louisiana, Orleans Parish, Louisiana.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

14. MS. GAROFALO realleges and reavers Paragraphs above as if they were expressly restated herein.

15. The Property is a place of public accommodation, subject to the ADA, generally located at: 7716 Maple Street, New Orleans, Louisiana 70118.

16. Upon information and belief, MS. GAROFALO has visited the Property and desires to visit the Property again in the future.

17. Upon information and belief, MS. GAROFALO'S most recent visit to the Property prior to filing this original Complaint was in January, 2025.

18. MS. GAROFALO has been to the Property several times prior to her most recent visit.

19. During her most recent visit and all prior visits, there was a step up at the entrance of the Property, which prevented MS. GAROFALO from entering the Property independently in her wheelchair.

20. MS. GAROFALO was only able to enter the Property when someone lifted her wheelchair over the step up at the entrance to the Property.

21. In the past, Jack Petronella (upon information and belief, an individual who operates and owns the business at the Property) has helped lift MS. GAROFALO's wheelchair into the Property.

22. When visiting the Property, MS. GAROFALO has asked Mr. Petronella to provide a ramp at the Property so that she could enter the Property independently, without relying on a man to physically lift her wheelchair.

23. As a further courtesy, MS. GAROFALO requested that undersigned counsel send a letter

to the Property, to request that DEFENDANTS remove the barriers for wheelchair users like MS. GAROFALO.

24. Undersigned counsel sent a letter via U.S. Mail on August 4, 2025 to Eats Inc, 7716 Maple Street, New Orleans, LA 70118.

25. The August 4, 2025 letter stated in part, "When Ms. Garofalo came to your establishment, she was unable to enter due to step up into the facility."

26. The letter further stated, "This is a formal request that you remove the barriers to access in your facility to bring it into compliance with the ADA."

27. Upon information and belief, no modifications have been made at the Property in response to MS. GAROFALO's verbal requests for accommodations, nor in response to undersigned counsel's letter.

28. MS. GAROFALO continues to desire to visit the Property but will continue to experience serious difficulty due to the step up at the entrance to the Property, which still exists.

29. MS. GAROFALO lives within a close geographic proximity of the Property. MS. GAROFALO's house is less than a mile from the Property.

30. MS. GAROFALO intends to and will visit the Property to eat and drink there in the future, but fears that she will encounter the same barriers to access which are the subject of this action.

31. Upon information and belief, DEFENDANTS are in violation of 42 U.S.C. § 12181 *et seq*. and 28 C.F.R. § 36.302 *et seq*. and are discriminating against MS. GAROFALO due to, but not limited to, the following violations which exist at the Property:

    I.    UPON INFORMATION AND BELIEF, THE FOLLOWING BARRIERS

   ARE ALLEGED TO BE THE RESPONSIBILITY OF DEFENDANTS:

    A. There is a step up at the entrance of the Property; and

    B. Other mobility-related ADA barriers to be identified following a complete inspection.

32. Upon information and belief, all barriers to access and ADA violations still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA, even though removal is readily achievable.

33. Upon information and belief, removal of the discriminatory barriers to access located on the Property is readily achievable, reasonably feasible, and easily accomplished, and would not place an undue burden on DEFENDANTS.

34. Upon information and belief, removal of the barriers to access located on the Property would provide MS. GAROFALO with an equal opportunity to participate in, or benefit from, the goods, services, and accommodations which are offered to the general public at the Property.

35. MS. GAROFALO has been obligated to retain the undersigned counsel for the filing and prosecution of this action. MS. GAROFALO is entitled to have her reasonable attorneys' fees, costs, and expenses paid by DEFENDANTS, pursuant to 42 U.S.C. § 12205.

## COUNT II: VIOLATIONS OF THE LOUISIANA COMMISSION ON HUMAN RIGHTS

36. MS. GAROFALO repeats and realleges all preceding paragraphs in support of this claim.

37. At all times relevant to this action, the Louisiana Commission on Human Rights, LA. REV. STAT. ANN. § 51:2231 et. seq., (hereafter "LCHR") has been in full force and effect and has applied the conduct of DEFENDANTS.

38. At all times relevant to this action, MS. GAROFALO has experienced substantial limitations to several major life activities, including walking, and uses a wheelchair for her primary means of mobility; and has been an individual with a disability within the meaning of LCHR, LA. REV. STAT. ANN. § 51:2232(3)(a).

39. At all times relevant to this action, DEFENDANTS' Property has qualified as a place of public accommodation, resort, or amusement as defined by LA. REV. STAT. ANN. § 51:2232(9) by virtue of either supplying services to the general public, soliciting and accepting the patronage of the general public, or having been supported directly or indirectly by government funds.

40. The LCHR prohibits discriminatory practices and provides that "it is a discriminatory practice for a person to deny an individual the full and equal enjoyment of goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation, resort, or amusement . . . on the grounds of . . . disability." LA. REV. STAT. ANN. § 51:2247.

41. The LCHR extends relief to "any person deeming himself injured by" discrimination in violation thereof. LA. REV. STAT. ANN. § 51:2264.

42. DEFENDANTS discriminated against MS. GAROFALO, on the basis of disability, in violation of LA. REV. STAT. ANN. § 51:2247, by denying her the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations offered at the Property due to the architectural barriers discussed in Paragraph 30 of this Complaint.

43. MS. GAROFALO deems herself injured by DEFENDANTS' discrimination and brings suit under the LCHR to recover compensatory damages for the injuries and loss she

sustained as a result of DEFENDANTS' discriminatory conduct and deliberate indifference as alleged herein above.

44. MS. GAROFALO is further entitled to injunctive relief, as well as an award of attorneys' fees, costs, and disbursements pursuant to the LCHR, LA. REV. STAT. ANN. § 51:2264.

## **PRAYER FOR RELIEF**

WHEREFORE, MS. GAROFALO demands judgment against DEFENDANTS, and requests the following injunctive, damages, and declaratory relief:

A. That this Court declare that the Property owned and/or operated by DEFENDANTS is in violation of the ADA and the LCHR;

B. That this Court enter an Order directing DEFENDANTS to alter the Property to make it accessible to and useable by individuals with mobility disabilities to the full extent required by Title III of the ADA and the LCHR;

C. That this Court award damages to MS. GAROFALO pursuant to LA. REV. STAT. ANN. § 51:2264 for the discriminatory conduct of the DEFENDANTS in violation of the LCHR;

D. That this Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to MS. GAROFALO pursuant to the ADA and the LCHR; and

E. That this Court award such other and further relief as it deems necessary, just and proper.

[SIGNATURE BLOCK ON FOLLOWING PAGE]

Respectfully Submitted,

**BIZER & DEREUS, LLC**
*Attorneys for Plaintiff*

/s/ Andrew D. Bizer
ANDREW D. BIZER (LA # 30396)
GARRET S. DEREUS (LA # 35105)
EVA M. KALIKOFF (LA # 39932)
3319 St. Claude Ave.
New Orleans, LA 70117
T: 504-619-9999; F: 504-948-9996
Email:  andrew@bizerlaw.com
        gdereus@bizerlaw.com
        eva@bizerlaw.com